UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:17-CV-14249-ROSENBERG
MAGISTRATE JUDGE P. A. WHITE

CHARLES JAMES LAWN, JR.,

    Plaintiff,

v.

R.N. J. BROWN, T. PATTEN, R.N., et al.,

    Defendant.
_____/

## RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DISCOVERY

Defendants DR. PIERRE MARCEUS, R.N. BROWN and T. PATTEN, R.N. (hereinafter referred to as "Defendants"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure the Local Rules, hereby respond to Plaintiff's Motion to Compel Production of Discovery, as well as Plaintiff's other allegations contained therein. As support of this Response, Defendants hereby state:

1. The undersigned counsel's best interpretation of the relief sought by Plaintiff's Motion for Compel Production of Discovery is that Mr. Lawn feels he is unable to adequately file a reply to Defendants' Motion for Summary Judgment, specifically as to the Prison Litigation Reform Act arguments related to Mr. Lawn's failure to exhaust all available remedies prior to accessing the courts. See, Prison Litigation Reform Act, 42 U.S.C. §1997e(a); Ross v. Blake, 136 S.Ct. 1850, 1858-1859 (2016)

(Plaintiffs cannot open courthouse doors until they achieve "proper exhaustion" and exhaust all available administrative remedies.)

2. Plaintiff also appears to believe and in fact alleges that the undersigned counsel is withholding documents from the Plaintiff in the instant matter, thus impeding his ability to file an adequate reply to the Motion for Summary Judgment. This is simply untrue, as Defendants at present have provided all discoverable documents in their possession to the Plaintiff in the instant matter. As a threshold matter, Defendants' and the undersigned counsel reject even the implication that they have intentionally withheld discoverable evidence from the Plaintiff in the instant litigation.

3. Specifically, Plaintiff alleges that the Defendants and the undersigned counsel improperly sent documents that were useless to Plaintiff, in violation of Federal Rules of Civil Procedure 26(1)(b), 29(b), 30(b)(2) and 34. This allegation is again misguided, and an itemized response to each rule follows.

4. As to Rule 26(1)(b), this governs Initial Disclosures and specifically, subsection (1)(b) governs Proceedings Exempt from Disclosure. Plaintiff cites no proceeding exempt from disclosure and Defendants' do not seek to utilize this portion of the Rule to protect any initial disclosure(s) to Plaintiff. As such, the Rule cited does not apply in the instant case.

5. Rule 29 of the Federal Rules of Civil Procedure governs certain stipulations between parties about discovery procedure. Specifically, Rule 29(b) governs stipulations between the parties that extend or limit the discovery period in any given case. That is inapplicable in the present case as there are no such stipulations.

6. Rule 30 of the Federal Rules of Civil Procedure governs Depositions by Oral Examination. The specific section cited by Plaintiff, Rule 30(b)(2), governs how to request documents and list required documents in a subpoena duces tecum ahead of conducting a deposition. It states that the materials designated for production at a deposition must be set out in a subpoena beforehand. This is inapplicable to the present case, and as a general matter applies to govern the conduct of deposition-taking, not discovery requests served on a Defendant. In the instant case, a deposition of the Plaintiff was taken and all subpoenas complied with the above-cited rule.

7. Finally, Plaintiff seeks relief via Rule 34, which does in fact govern the production of documents and the serving by one party of requests for production on another party. Specifically, Plaintiff seeks all or any grievances filed against Defendants, as well as an account of any suspensions, fines, relocation or reassignment, lost rank, terminations or other punishments filed against any of the above defendants. Setting aside the fact that Plaintiff could obtain any of these documents via subpoena to the Florida Department of Corrections or, in some cases, via public

record requests, Rule 34 specifically requires the production of documents "in the responding party's possession, custody, or control." It does not require Defendants to actively seek out documents not already in their possession, custody, or control on the Plaintiff's behalf. In the instant case, the Defendants have in good-faith mailed to the Plaintiff all documents in their possession, custody or control. Therefore, Defendants have complied with their disclosure requirements under Rule 34.

WHEREFORE the Defendants respectfully request that the Court deny Plaintiff's Motion to Compel Production of Discovery, along with any further relief this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notice of Electronic Filing.

/s Neil W. Blackmon
Neil W. Blackmon, FL BAR 0086917
Counsel for R.N. Patten and R.N. Brown

Case No.: 17-CV-14249-ROSENBERG
Page 5

_____

## SERVICE LIST

Charles Lawn v. Julie Jones, et al.
2:17-CV014249-RLR
Southern District of Florida
(FORT PIERCE)

Charles James Lawn, Jr., DC#168286
Hamilton Correctional Institute-Annex
10650 SW 46th Street
Jasper, FL 32052
Pro Se Plaintiff
[Via U.S. Mail]


Caryn P. Siperstein Klein
Office of the Attorney General
110 SE 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Counsel for Sgt. Schultheiss